# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1476V
(Not to be Published)

| | | |
|---|---|---|
| AARON MILLER, | * | |
| | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | Dated: November 24, 2020 |
| v. | * | |
| | * | Human papillomavirus vaccine; |
| | * | Autonomic dysfunction; |
| | * | Hypersomnia; |
| SECRETARY OF HEALTH AND | * | Final Fees; Expert Costs. |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Amanda Pasciuto*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On October 10, 2017, Deborah Miller, on behalf of her minor child A.M., filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that the human papillomavirus ("HPV") vaccines administered to A.M. on November 23, 2015, and February 8, 2016, caused him to experience an adverse reaction,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

including idiopathic hypersomnia, prolonged general fatigue, and autonomic dysfunction. The case caption was amended in 2018 when A.M. turned 18, making Mr. Miller (formerly referred to as "A.M.") the Petitioner. Petitioner filed medical records from various treating physicians and affidavits from witnesses in support of his claim. Petitioner also submitted expert reports and supporting medical literature. The case was reassigned to me in July 2020.

On October 20, 2020, Petitioner filed what he styled as a "Motion for a Decision Dismissing his Petition." ECF No. 52 ("Motion"). In it, Petitioner requested that I dismiss his claim prior to issuance of a full written decision and/or hearing, based on his expressed desire to opt out of the Program and "pursue a third party action in district court" against the manufacturer of the HPV vaccine. Motion at 2. On November 3, 2020, Respondent filed a brief in reaction to Petitioner's Motion. ECF No. 53 ("Response"). Respondent did not dispute his consent to the relief sought in the Motion, but nevertheless provided a detailed explanation of his assessment for why the case was appropriately dismissed. Response at 1. I dismissed the Petition on November 5, 2020 (ECF No. 54).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion for Attorney's Fees and Costs, dated November 6, 2020 (ECF No. 56) ("Fees App."). Petitioner requests $43,816.69 ($36,534.00 in attorney's fees, and $7,282.69 in costs) for the work of attorneys Mr. Andrew Downing and Ms. Courtney Van Cott, as well as the supportive work of multiple paralegals. Fees App. at 3. Costs include expert costs, record retrieval, and postage charges. *Id.*; Ex. A- Itemized Invoice for Final Fees, filed on November 6, 2020 (ECF No. 56-1 at 38-40).

Respondent reacted to the fees request on November 13, 2020. *See* Fees Response, dated November 13, 2020 (ECF No. 59). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in the case, and otherwise defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2, 3.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Under the Vaccine Act, a special master may award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See,* e.g., *Sterling v. Sec'y of Health & Hum. Servs*., No. 16-551V, slip op. at 5 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum.*

*Servs.*, No. 19-1596, slip. op. at 9–10 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*— counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for evaluating reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, since cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (Fed. Cl. 2019). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

Petitioner's claim had sufficient objective basis to entitle him to a fees and costs award. Petitioner's good faith arguments were backed by many solid items of proof, and there was objective support in the record for core matters like proof of vaccination and the nature of Petitioner's injury. Petitioner was able to offer an expert opinion and some other proof in support of the claim, including record proof of treaters associating Petitioner's increase need for sleep with the HPV vaccine because of the temporal relationship between the two. Treaters also noted that Petitioner's symptoms appeared to worsen after the administration of the second dose of the HPV vaccine. Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years in which work was performed:

|  | **2016** | **2017** | **2018** | **2019** | **2020** |
|---|---|---|---|---|---|
| **Courtney Van Cott, Esq.** | - | $195.00 | $205.00 | $205.00 | $275.00 |
| **Andrew D. Downing, Esq.** | $350.00 | $375.00 | $385.00 | $385.00 | $385.00 |

Ex. 56-1 at 6.

The rates requested for these attorneys (as well as the paralegal work performed on this case)[3] are consistent with what they have previously been awarded, and I find no cause to reduce them in this instance.[4] This includes the increase sought for Ms. Van Cott's work in 2020.

---

[3] Petitioner requested paralegal rates of $100.00 per hour and $135.00 per hour based on years of experience.

[4] Furthermore, the hourly rates requested are also consistent with the Office of Special Masters' fee schedule.

The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

*Perekotiy v. Sec. of Health & Human Servs.*, No. 16-997, 2020 WL 6395509 at *2 (Fed. Cl. Spec. Mstr. Sept. 29, 2020) (awarding Ms. Van Cott a rate of $275.00/hour for work performed in 2020); *Schultz v. Sec. of Health & Human Servs.*, No. 16-539V, slip op. dated October 9, 2019, at 4 (finding an increased rate of $275.00 for Ms. Van Cott's work in 2020 reasonable).

### III.    Calculation of Attorney Costs

Petitioner also requests an award of $7,282.69 for costs incurred since the case's filing, including expert fees for Dr. Mitchell Miglis, record retrieval costs, and shipping costs. Fees App. at 3. Dr. Miglis billed at a rate of $500.00 per hour for a total of 13 hours to produce two expert reports. This rate has previously been approved in the Program for his work, I approve it in this case as well. *See Otto v. Sec. of Health & Human Servs.*, No. 16-1144, 2020 WL 1304189 at *3 (Fed. Cl. Spec. Mstr. Feb. 10, 2020); *Dalton v. Sec. of Health & Human Servs.*, No. 15-1465, 2019 WL 965174 (Fed. Cl. Spec. Mstr. Jan. 30, 2019). The other requested costs are typical in Program cases, Respondent does not otherwise object to their reasonableness, and I therefore award them as requested.

### CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of $43,816.69, reflecting $36,534.00 in attorney's fees and $7,282.69 in costs, in the form of a check made jointly payable to Petitioner and Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

---

The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

The 2020 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf.

The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

s/ Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master